## NEW YORK COMMON PLEAS.

### In the Matter of James K. Place.

On *habeas corpus,* the judge before whom it is returnable will not review the decision of the judge of another court made upon full argument, that the warrant upon which the defendant was arrested was properly issued and the defendant was legally held, where the same objections to the warrant and arrest are relied on upon the *habeas corpus.* The remedy of the defendant in such case is by *certiorari·*

*At Chambers, December* 23, 1867.

PROCEEDINGS on the return of writ of *habeas corpus.*

MARSH, COE & WALLIS, *for petitioner.*

FOSTER & THOMPSON *and* EDWARDS PIERREPONT, *opposed.*

VAN VORST, J. The person imprisoned was brought before me in pursuance of a writ ot *habeas corpus* directed to John Kelly, sheriff of the city and county of New York. The sheriff returned to the writ that he had arrested the party and taken and held him in his custody, by virtue of a warrant to him issued, and which he produced and made a part of his return. The warrant was issued by the Hon. GEORGE G. BARNARD, one of the justices of the supreme court, under the provisions of the act entitled "An act to abolish imprisonment for debt, and to punish fraudulent debtors," passed April 26, 1831. The prisoner traversed the return to the writ, and alleged in answer that the warrant was illegally issued, and without jurisdiction on the part of the officer who granted the same; and particularly that the action was not one in which the defendant could be arrested, according to the provisions of the act; that there was not sufficient proof by affidavit before the judge to justify the issuing of the warrant, and that the defendant had been pre-

viously arrested in the action by order made in pursuance of the provisions of the Code of Procedure·

It appeared before me on the argument of the matter, on the return, and traverse to the writ of *habeas corpus*, that all these objections were taken and argued before, and were considered by the justice of the supreme court who issued the warrant; and that the justice had decided that the objections were not well taken, and that the warrant was properly issued and the party legally held. That after such decision, the party imprisoned controverted the facts and allegations upon which the warrant issued, in pursuance of the seventh section of the act; that the proceeding was pending before the justice, and the party under examination when the *habeas corpus* was issued and served.

I am satisfied that, under such a state of facts, I ought not to re-examine upon *habeas corpus* the objections raised and discussed before and decided by the justice who issued the warrant, and that I should express no opinion on the subject of the legality of the arrest. Should I do so, it would amount substantially to a review of the decision of the judge, which I am persuaded should not be accomplished in this way.

The party imprisoned is not without remedy, if there be error in the decision and proceedings before the officer who issued the warrant. The determination of the judge may be reviewed by a writ of *certiorari*, which will take up all the proceedings for examination.

The prisoner is remanded.